**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MATT RHOADES, TRUSTEE AND INDIANA )
STATE COUNCIL OF PLASTERERS AND CEMENT )
MASONS HEALTH AND WELFARE AND PENSION )
FUNDS, )
                         )
            Plaintiffs, ) Case No. 1:26-cv-1470
                         )
            v. )
                         )
STARK EXCAVATING INC a foreign Illinois corporation )
                         )
                         )
           Defendant. )

**COMPLAINT**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, STARK EXCAVATING INC., as follows:

**JURISDICTION AND VENUE**

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered and 29 U.S.C. Section 185(c).

**PARTIES**

2. (a) The Plaintiff in this count is MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS PENSION FUND, ("the Fund"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Fund has been established pursuant to collective bargaining agreements previously entered into between Cement Masons Local 692 and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Fund is maintained and administered in accordance with and pursuant to the provisions of the STARK Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Fund.

3.     (a)     STARK EXCAVATING INC. is an Illinois foreign corporation (hereafter "STARK"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b)     STARK, has its principal place of business in Bloomington, Illinois.

(c)     STARK, is an employer engaged in an industry affecting commerce.

4.     Since October 10, 2008 STARK, has entered into successive collective bargaining agreements with Plasterers Local 143 pursuant to which it is required to pay specified wages and to make periodic contributions to the Fund on behalf of certain of its employees. (Exhibit A)

5.     By virtue of certain provisions contained in the collective bargaining agreements, STARK, is bound by the Trust Agreement establishing the Fund.

6.     Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, STARK is required to make contributions to the Fund on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7.     An audit was completed for Plaintiffs for the time period of October 1, 2022 through December 31, 2025 for $180,372.03 benefits, $18,037.20 10% liquidated damages, $50.00 in additional liquidated damages, $2,574.50 audit costs for a total amount due of **$201,033.73**, plus attorney's fees and costs.

2

**WHEREFORE**, Plaintiff prays for relief as follows:

A.      Judgment be entered against STARK Local 143, and in favor of Plaintiffs, in the amount shown due under the audit of **$201,033.73.**

B.      Plaintiffs be awarded their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and Section 502(g)(2).

C.      STARK, be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Fund and be ordered to resume making those payments.

D.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
MATT RHOADES, et. al.

By:    /s/ Donald D. Schwartz
          Counsel for Plaintiffs

Donald D. Schwartz
ARNOLD AND KADJAN LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com

3